USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-28-17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIANNE O'GRADY,
                         Plaintiff,

v.

FCA US LLC, et al.,

                         Defendants.

16-cv-9145 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, District Judge:

Marianne O'Grady ("Plaintiff") seeks compensatory and punitive damages for injuries she sustained in an automobile accident. The Court GRANTS Defendant FCA's Motion to Dismiss the portion of Plaintiff's Complaint seeking punitive damages, because punitive damages are barred by a final order of the United States Bankruptcy Court.

## I. Introduction

On October 11, 2013, at around 9:00 p.m., a 2002 Grand Cherokee Laredo Jeep collided with Plaintiff's vehicle. (Complaint ¶ 6, Doc. No. 1-1). Plaintiff was severely injured, and both vehicles were significantly damaged. Plaintiff, a resident of Bronx County in New York, filed a lawsuit *pro se* on October 11, 2016 in New York Supreme Court, against FCA U.S. LLC; Roseanne Piccirilli, the Jeep driver; Nicola Piccirilli, the Jeep owner; and L&S Auto Repair.

Plaintiff's Complaint makes four claims against Defendant FCA: (1) negligence in design and sale, which created an unreasonable risk of harm; (2) defective design and/or defective manufacture; (3) failure to warn about the foreseeable purposes of the vehicles and their components; and (4) violations of state business laws governing advertisement. This Opinion addresses FCA's Motion to Dismiss Plaintiff's punitive damage claim.

1

## II. Background and Procedural History

After Plaintiff filed this case in New York Supreme Court, Defendant removed the action to federal court, pursuant to 28 U.S.C. §§ 1334, 1452(a) and 1441(a),[1] because Plaintiff's claims are related to a Bankruptcy Court decision governing FCA's liability for Chrysler's manufacturing defects. (*See* Notice of Removal, Doc. No. 1).

DaimlerChrysler Corporation manufactured the Jeep involved in Plaintiff's accident. In 2007, DaimlerChrysler separated into Daimler AG and Chrysler LLC, and in 2009, Old Carco (which included Chrysler LLC) filed for bankruptcy in the United States Bankruptcy Court for the Southern District of New York. (Mot. to Dismiss at 3). That same day, Old Carco entered into a Master Transaction Agreement, in which it agreed to sell substantially all of its assets, free and clear of all claims and liabilities, other than those expressly listed, to a new company that is now known as FCA US LLC. (*Id.* at 4). The Bankruptcy Court entered an Order authorizing the Master Transaction Agreement and specifically exempting FCA from all liabilities, other than those expressly described in the Master Transaction Agreement. (*See* Ex. B to MTD (*In re Old Carco LLC* at ¶ 35, No. 09-50002 (Bankr. S.D.N.Y. June 1, 2009) (Gonzalez, J.))).

On November 19, 2009, the Bankruptcy Court approved an amendment to the Master Transaction Agreement, in which FCA assumed any product liability claims arising from any Chrysler, Jeep or Dodge brand vehicles, "solely to the extent such Product Liability Claims ... do not include any claim for exemplary or punitive damages." (*See* Ex. C to MTD (*In re Old Carco LLC* at Annex A ¶ 1, No. 09-50002 (Bankr. S.D.N.Y Nov. 19, 2009) (Gonzalez, J.))).

---

[1] Section 1334 provides district courts with original and exclusive jurisdiction of all cases under Title 11. Section 1452(a) allows parties to remove a claim to a district court with jurisdiction under Section 1334, and Section 1441(a) grants jurisdiction to the district court where the original state action is pending.

### III. Legal Standard

The Court accepts as true all of the factual allegations in Plaintiff's Complaint, while drawing all reasonable inferences in her favor. *See Kaufman v. Time Warner*, 836 F.3d 137, 141 (2d Cir. 2016). To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Additionally, the Court is "oblig[ed] to construe *pro se* complaints liberally," interpreting the complaints to raise the strongest claims it suggests. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### IV. Plain Language of the Master Transaction Agreement Bars Punitive Damage Claim

Plaintiff seeks punitive damages against FCA "for reckless disregard of public safety and [s]uch other and further relief as this Court deems just and proper," among other forms of relief. (Complaint at p. 25). The Bankruptcy Court's Orders plainly and directly exempt FCA from punitive damages on product liability claims. (*See* Ex. C to MTD, Annex A ¶ 1). Accordingly, Plaintiff's claim for punitive damages is barred.

Plaintiff argues that the Bankruptcy Court's Orders do not bar her claims, because the case involves more than simply punitive damages. (*See* O'Grady Letter at 2 (Apr. 21, 2017)). However, Defendant's Motion to Dismiss concerns only Plaintiff's punitive damage claim.

Plaintiff also challenges the motivation behind the Master Transaction Agreement. Public policy strongly disfavors such a collateral attack on a matter adjudicated in Bankruptcy Court. *See In re Lehman Bros. Holdings, Inc.*, 2011 WL 722582, at *6 (Bankr. S.D.N.Y. Feb. 22,

2011) (Peck, J.). This Court declines to consider Plaintiff's challenge to the motivation behind the Master Transaction Agreement.

V.  **Conclusion**

For the foregoing reasons, the Court GRANTS Defendant FCA's Motion to Partially Dismiss the Complaint. This Opinion resolves docket number 20. In light of the dismissal of the punitive damage claim, Defendants shall submit a letter by May 10, 2017, stating whether the Court still has jurisdiction over this case.

SO ORDERED.

Dated: New York, New York
April 27, 2017

*/s/ Kimba M. Wood*
THE HON. KIMBA M. WOOD
United States District Judge